UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MYERS,<br>       Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO GENERAL HOSPITAL, et al.,<br><br>       Defendants. | Case No. 14-cv-05654-WHO<br><br>**ORDER DENYING MOTION TO AMEND AND DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. Nos. 20, 28, 29 and 32 |

Robert Myers filed this action on December 30, 2014. Dkt. No. 1. He appeared at the first Case Management Conference on March 31, 2015, where I encouraged him to seek the assistance of the Court's Legal Help Center, gave him the contact information for it, and set the trial and pre-trial calendar. Dkt. No. 15. He failed to appear at the Case Management Conference on July 7, 2015. Dkt. No. 17. He failed to appear for his deposition. Dkt. No. 31 at 3. He failed to appear at the Case Management Conference on November 3, 2015. Dkt. No. 19. He failed to file an opposition to defendant City and County of San Francisco's ("the City") motion for summary judgment. After I issued an Order to Show Cause Why This Case Should Not Be Dismissed for Failure to Prosecute on December 10, 2015, Myers filed a motion to dismiss the current defendants and to add four individuals. Dkt. No. 29. He explained in a telephonic Case Management Conference on December 22, 2015 that he had never gotten in touch with the Legal Help Center because it did not answer the phone, he did not know how to contact the Court, he had been sick and he had been in Virginia for four months.

The City moved to dismiss for failure to prosecute and to deny the motion to amend. Dkt. No. 31. It noted that the case schedule included a June 30, 2015 deadline to amend the complaint and that plaintiff did not show good cause to amend under Rule 16(b) of the Federal Rules of Civil

1  Procedure. It recited that the plaintiff did not propound any discovery and did not attend his
2  deposition. It pointed out that he did not attend the case management conferences or let the Court
3  know the status of the case (or of any personal problems that were interfering with his ability to
4  prosecute his action). It complained that he was attempting to amend around the City's summary
5  judgment motion, and noted that his request to amend does not respond to the City's primary
6  argument in the motion for summary judgment, that the nursing staff at San Francisco General
7  Hospital and the sheriff deputies on scene reasonably responded to plaintiff's violent behavior.
8  And it argued that allowing amendment would prejudice the City, both in terms of the resources
9  already expended and the expense of adding and defending new defendants in this matter.

10  The City's arguments are well-founded. I DENY plaintiff's motion to amend and GRANT
11  the motion to dismiss for failure to prosecute. Myers failed to participate in a meaningful way in
12  this case. His excuses do not bear weight; he does not even contend that he tried to contact the
13  Court between March 31, 2015 and December 10, 2015, despite knowing the case schedule.
14  Myers has litigated four other cases in this District, so he knows what is required of a litigant.
15  Dkt. No. 31 at 4 (citing cases).

16  I have reviewed the City's unopposed motion for summary judgment. Myers's failure to
17  oppose would not entitle the City to summary judgment; I must independently review the facts and
18  the law to determine whether the City has met its burden to show that it is entitled to judgment as
19  a matter of law. It is clear on this record that the City has met that burden. Ms. Davis, a registered
20  nurse, ordered restraints for Myers because of his psychological history, and because he was
21  verbally and physically abusive towards staff. She lacked any intent to harm Myers. Deputy
22  Louie used a single strike to startle Myers and focus him on something other than kicking at
23  nursing staff. This was a reasonable, narrowly tailored response to a difficult situation. There is
24  no evidence of a municipal-wide deficiency to support a *Monell* claim. *See Monell v. Dep't of Soc.*
25  *Servs. of City of New York*, 436 U.S. 658 (1978). But for Myers's motion to amend, I would have
26  granted summary judgment based on the evidence presented and argument made. Although I
27  base my decision to dismiss on Myers's failure to prosecute, the apparent futility of allowing
28  amendment is an additional reason to deny the motion to amend and to dismiss this case.

1   I recognize that it can be difficult to litigate in federal court for lawyers, let alone for
2   individuals trying to represent themselves.  That is why I take time at the beginning of each case to
3   encourage unrepresented litigants to take advantage of the Court's Legal Help Center, and why I
4   scheduled Case Management Conferences every four months so that I could keep myself apprised
5   of the status of the case.  But Myers failed to contact the Legal Help Center, failed to contact the
6   Court, and failed to participate in any way in the litigation.  That he may have been sick for some
7   period, or away in Virginia, does not excuse his abandonment of his case until after the time to
8   respond to the City's motion for summary judgment had expired.  I DISMISS this case for failure
9   to prosecute.

**IT IS SO ORDERED**.

Dated: January 5, 2016



WILLIAM H. ORRICK
United States District Judge